Argued June 11, affirmed June 26, 1968

# STATE OF OREGON, *Respondent, v.*
# CEDRIC LEE ADKINS,
## *Appellant.*
443 P. 2d 170

*John Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Lawrence A. Aschenbrenner, then Public Defender, Salem.

*Frank D. Knight,* District Attorney, Corvallis, argued the cause and filed a brief for respondent.

Before McALLISTER, Presiding Justice, and O'CONNELL and DENECKE, Justices.

McALLISTER, J.

The defendant, Cedric Lee Adkins, pleaded guilty in Benton county on August 6, 1966, to the crime of burglary not in a dwelling, for which the statute, ORS 164.240, prescribes a maximum penalty of imprisonment in the penitentiary for not more than ten years. On the same date the district attorney initiated proceedings for the imposition of an enhanced penalty by filing an information alleging that defendant on three former occasions had been convicted of a felony in Benton county. ORS 168.055.

After a hearing at which defendant was represented by counsel, the court found that defendant had formerly been convicted in Benton county on July 25, 1958, of the crime of burglary, and on September 2, 1959, of the crime of larceny, both felonies. The third former conviction was eliminated from consideration by the court on technical grounds. The court then imposed an enhanced penalty of 18 years for the principal offense. The defendant appeals, contending only that proof of one of his former convictions was insufficient as a matter of law.

At the enhanced penalty hearing the state introduced as proof of the former convictions certified copies of the judgments entered in the circuit court for Benton county. In the July 25, 1958 judgment the person convicted was described as Cedric Lee Adkins. The proof of this conviction is not challenged by defendant.

In the September 2, 1959 judgment the person convicted was described only as Cedric Adkins. Defendant

contends that a judgment convicting Cedric Adkins is not proof that Cedric Lee Adkins is the person named in the former conviction.

This court in applying ORS 41.360 (25), has held that a jury is bound to find according to the presumption of "identity of person from identity of name" unless the presumption is overcome by other evidence. See *State v. Byrd,* 240 Or 159, 161, 400 P2d 522 (1965), cert. den. 382 US 865, 86 S Ct 133, 15 LEd2d 104.

In this case, however, there is not complete identity of name because of the absence in the 1959 judgment of the defendant's middle name. In *State v. Anderson,* 242 Or 186, 408 P2d 212 (1965), the defendant was indicted under the name of Bobby Ray Anderson for the principal offense of being a felon in possession of a concealed weapon. To prove the prior conviction of a felony the state introduced a Texas conviction of "Bobby Anderson." We held that the absence of defendant's middle name in the Texas judgment was not controlling in view of other evidence tending to prove that the Bobby Anderson named in the Texas conviction was the same person as the Bobby Ray Anderson charged with the principal offense in Oregon.

In *State v. Cunningham,* 173 Or 25, 53, 144 P2d 303 (1943), this court held that two Kansas judgments of conviction against Howard Cunningham were admissible against the defendant Harvey Cunningham, in view of defendant's testimony that he had lived in Kansas and had been known there by the name of Howard, as well as by the name of Harvey. For further cases holding that minor differences in the names do not preclude a finding of identity if there is other supporting evidence, see *People v. Sberno,* 22

Cal App2d 392, 71 P2d 274, 277 (1937); *State v. Michael,* 361 SW2d 664, 666 (Mo 1962); *Jordon v. State,* 327 P2d 712, 719 (Okl Cr 1958).

Since in this case there was other proof of identity, we need not decide whether the 1959 judgment standing alone would support a finding that the Cedric Adkins named therein was the same person as Cedric Lee Adkins who pleaded guilty to the principal offense on August 6, 1966. The sheriff of Benton county testified that on the precise date of the 1959 judgment, September 2, 1959, he escorted Cedric Lee Adkins, the person present at the enhanced penalty hearing, to the courtroom of the Benton county circuit court.[①] We hold that the sheriff's testimony, together with the similarity of names in the two judgments and the fact that the principal offense and both prior offenses occurred in Benton county, and the further fact that Cedric is not a common Christian name, support the finding that the Cedric Lee Adkins who pleaded guilty to the principal offense and the Cedric Adkins named in the 1959 judgment are the same person.

The judgment is affirmed.

---

[①] Clifford Lilly, former sheriff of Benton county, on direct examination:

"Q Now, drawing your attention to September the 2nd of 1959, did you have occasion to see the defendant, Cedric Lee Adkins, on that date?
"A I did.

"Q And where was he at that time?
"A In the county jail.

"Q And what, if anything, did you do with him on that date?
"A I conducted him to the circuit courtroom of Benton County.

"Q And who was presiding judge at that time?
"A Fred McHenry.

"Q And is this Cedric Lee Adkins sitting here the same Cedric Adkins you took to the court on the 2nd day of September, 1959?
"A It is."