Argued December 17, 1973, affirmed February 5, reconsideration denied March 6, petition for review denied April 9, 1974

CITY OF PORTLAND, *Respondent, v.* KIRK ET AL (Nos. C 72-09-2883 Cr., C 72-09-2884 Cr.), *Appellants.*

518 P2d 665

*William C. Snouffer*, Portland, argued the cause and filed the briefs for appellants.

*John W. Burgess*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Defendants Snouffer and Kirk were issued citations by the City of Portland for overtime parking and parking in a loading zone, respectively. The defendants admitted that the vehicles were parked in violation of the Portland City Code and that they were the owners of the vehicles. However, they demurred to the citations in district court on the basis of the alleged unconstitutionality of Sec 16.06.060[1] of the

[1] "Whenever any vehicle is found parked or stopped in violation of this title or any other title of the city, the police officer in finding the vehicle shall issue a serially numbered parking citation to its occupant, or leave the citation attached

Portland City Code; the demurrer was overruled. On appeal to the circuit court the defendants again demurred on constitutional grounds and moved for a judgment of acquittal. The motion for a judgment of acquittal was denied, the trial court finding that the challenged portion of the ordinance was constitutional, which finding also disposed of the demurrer. Defendants were then found guilty as charged and were fined; they now appeal to this court.

◼ An ordinance must, of course, be presumed to be constitutional. *City of Portland v. Goodwin,* 187 Or 409, 416, 210 P2d 577 (1949). In construing the ordinance, each and every part must be considered in connection with every other part or section so as to produce a harmonious whole. *Cal-Roof Wholesale v. Tax Com.,* 242 Or 435, 443, 410 P2d 233 (1966). Taking the parking provisions of the Portland City Code as a whole, it appears that rather than creating a strict liability offense as contended by the defendants, the ordinance only establishes a permissive inference that the owner of the vehicle was the party who parked the vehicle. This inference may be countered by the owner by showing that he neither suffered, caused or allowed the car to be parked overtime[2] or that he was not the driver at the time of the offense.[3] *See State v. Offord,* 14 Or App 195, 512 P2d 1375 (1973).

---

to or placed upon the vehicle if unoccupied. *The registered owner of the vehicle is prima facie responsible for the violation charged by the parking citation."* (Emphasis supplied.) Portland, Or, Code § 16.06.060 (1970).

[2] "* * * It is unlawful for any person to cause, allow or suffer any motor vehicle registered in his name to be parked overtime." Portland, Or, Code § 16.36.070 (1971).

[3] "It is unlawful for *the driver* of a vehicle to stop, stand, or

■ The ordinance permits imprisonment for parking offenses[4] and there are no state statutes to the contrary. *See* ORS 483.364; 483.990 (1). Consequently, the proceeding on the parking citation is criminal in nature insofar as procedural due process is concerned, *State v. Mayes,* 245 Or 179, 184, 421 P2d 385 (1966), and the validity of the inference must be considered in light of due process requirements.

In considering the constitutionality of an inference, the United States Supreme Court has used a variety of tests to evaluate the inference. Thus, in *Tot v. United States,* 319 US 463, 467, 63 S Ct 1241, 87 L Ed 1519 (1943), the Court determined that there must be a rational connection between the facts proved and the fact presumed. In *Leary v. United States,* 395 US 6, 36, 89 S Ct 1532, 23 L Ed 2d 57 (1969), the Court stated that an inference was "irrational" or "arbitrary," and thus unconstitutional unless it could be at least said with substantial assurance that the presumed fact was more likely than not to flow from the proved fact on which it was made to depend. The Court did not reach the question whether a criminal presumption must also satisfy the criminal reasonable-

---

park such vehicle, whether attended or unattended * * * in any of the following places:

"* * * * *

"(24) In any truck loading zone * * *.

"* * * * *." (Emphasis supplied.) Portland, Or, Code § 16.20.020 (1970).

[4]

"Violation of any provision of this title for which a penalty is not otherwise provided is punishable, upon conviction, by a fine of not more than five hundred dollars, or by imprisonment not exceeding six months, or both. However, no greater penalty shall be imposed than the penalty prescribed by Oregon statute for the same act or omission." Portland, Or, Code § 16.04.010 (1971).

doubt standard. In *Turner v. United States,* 396 US 398, 90 S Ct 642, 24 L Ed 2d 610 (1970), the Court again did not resolve the question of whether the more-likely-than-not or the reasonable-doubt standard controlled in criminal cases.[6]

In its most recent evaluation of the question, *Barnes v. United States,* 412 US 837, 93 S Ct 2357, 37 L Ed 2d 380 (1973), the Court likewise did not resolve the question of what is the proper test to use in evaluating the constitutionality of an inference:

> "* * * To the extent that the 'rational connection,' 'more likely than not,' and 'reasonable doubt' standards bear ambiguous relationships to one another, the ambiguity is traceable in large part to variations in language and focus rather than to differences of substance. What has been established by the cases, however, is at least this: that if a statutory inference submitted to the jury as sufficient to support conviction satisfies the reasonable doubt standard (that is, the evidence necessary to invoke the inference is sufficient for a rational juror to find the inferred fact beyond a reasonable doubt) as well as the more-likely-than-not standard, then it clearly accords with due process." 412 US at 843.

Which test is ultimately selected is of critical importance to the case at bar, for if the reasonable-doubt test is applied, the permissive inference in the Portland City Code must fail. However, we find nothing in *Barnes* that mandates the selection of that

---

[6] Some commentators have suggested that the Court implicitly adopted the reasonable-doubt standard. *See, e.g.,* Christie and Pye, *Presumptions and Assumptions in the Criminal Law: Another View,* 1970 Duke LJ 919, 923 (1970); Comment, *Statutory Criminal Presumptions: Reconciling the Practical with the Sacrosanct,* 18 UCLA L Rev 157, 171 (1970); Note, *The Unconstitutionality of Statutory Criminal Presumptions,* 22 Stanford L Rev 341, 353 (1970).

stringent test. We find that the permissive inference that the owner of an automobile was the person who parked it accords with due process since it meets both the "rational connection" and the "more-likely-than-not" standards.

▆▆▆ We should note that the use of this permissive inference does not shift the burden of proof to the defendant; the trier of fact must consider the facts proved and inferred as well as the presumption that the defendant is innocent. The defendant is not mandated to produce facts to counter the inference and the trier of fact may still find in favor of the defendant in spite of the inference. *State v. Offord,* supra, 14 Or App at 201. *See also, United States v. Lake,* 482 F2d 146, 148 (9th Cir 1973). Moreover, the use of the inference in no way violates the defendant's privilege against self-incrimination. *Barnes v. United States,* supra, 412 US at 846-47.

In sum, we find that the permissive inference contained in Title 16 of the Portland City Code does not infringe any constitutional rights of the defendants.

Affirmed.

SCHWAB, C. J., specially concurring.

I concur in the majority opinion, but not without misgivings as to whether or not it meets federal constitutional standards governing the rights of defendants in criminal cases. We normally think of overtime parking and parking in loading zones as minor infractions carrying penalties that may range from $1 to $10, or perhaps even $25. Nevertheless, the ordinance which we are here construing authorizes a substantial jail sentence for these "minor infractions." I cannot help but wonder what our decision would have been

in these cases if the defendants had been sentenced to 60 days in jail for these "heinous crimes." The fact that these cases reached this court illustrates the problems created by treating traffic offenses, at least this type of traffic offense, as crimes and labeling the offenders criminals.