Argued April 25, remanded for resentencing May 23, reconsideration denied June 29, petition for review allowed September 20, 1977

# STATE OF OREGON, *Respondent,*
## *v.*
# EUGENE GARRETT, *Appellant.*
## (No. 23263, CA 6859)

564 P2d 726

[ 505 ]

M. Chapin Milbank, Salem, argued the cause for appellant. With him on the brief was Schlegel, Milbank, Wheeler, Jarman & Hilgemann, Salem.

Charles E. Luukinen, Deputy District Attorney, Dallas, argued the cause for respondent. With him on the brief was John L. Snyder, District Attorney, Dallas.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

**TANZER, J.**

Defendant was convicted in district court, and on appeal de novo, in circuit court on five counts of cruelty to animals, ORS 167.850(1)(b), which charged that he intentionally and recklessly subjected five dogs under his control to cruel neglect by failing to provide them with necessary and adequate food. He appeals, assigning as error the denial of his motion for judgment of acquittal and the imposition of an unlawful condition of probation.

## I. Motion for Judgment of Acquittal

The state's evidence was far short of the hilt. Five dogs were found at the dead end of a country road. Each was tied to a doghouse within a radius of ground which was thick with its own filth. They were hideously emaciated. Two of the five dogs bore collars with tags that were imprinted "GENE GARRETT - FALLS CITY ORE - PH 787-3653." The dogs were taken into the custody of the Humane Society and responded well to feeding and treatment which brought them back to health.

There was no further evidence. Even easily proved matters such as ownership of the property on which the dogs were found, and defendant's address and telephone number, were not broached by the state's proof. After having proved no more than was recited above, the state rested. The defendant moved for a judgment of acquittal and, upon its denial, the defendant rested.

■ Defendant first contends that there was insufficient evidence of abuse. The evidence of long-term neglect resulting in the extreme, obvious emaciation of the dogs is sufficient answer to that contention without further analysis.

■ Next, defendant argues that there was insufficient evidence that the defendant had possession or control of the five dogs. We hold otherwise. The collars on two of the five dogs bore the name of the defendant. Under

[ 507 ]

ORS 41.360(25), there is a disputable presumption of "[i]dentity of person from identity of name." In the absence of disputative evidence, the jury may presume that the reference on the dog collar is to the defendant. *State v. Byrd,* 240 Or 159, 400 P2d 522, *cert den* 382 US 865 (1965). Where there is a slight variation between the name on the item of evidence and the name of the defendant, the statutory presumption has been upheld where there is any other proof of identity of person, *State v. Adkins,* 250 Or 418, 443 P2d 170 (1968), but extraneous proof is not essential to the existence of the presumption. Where, as here, the variation between the names is so slight and the nickname is so commonly used for the given name, i.e., "Eugene" and "Gene," the presumption is applicable and the jury is entitled to draw it.

From the existence of dog collars bearing defendant's name, the jury is entitled to infer ownership of the dogs by the defendant.

■ It is reasonable to infer control and possession from the fact of ownership. We have upheld an ordinance directing a similar presumption because such an inference reasonably follows from the expectations of common experience. *City of Portland v. Kirk,* 16 Or App 329, 518 P2d 665, *rev den* (1974).

■ The condition of the dogs indicated neglect over an extended period of time. Therefore a fact finder could reasonably find that the dogs were abused by their owner, the defendant. Our function on appeal is to determine whether the inference is reasonable. It is the function of the jury, not reviewable on appeal, to determine the weight to be given to reasonable inferences. *State v. Krummacher,* 269 Or 125, 523 P2d 1009 (1974). Defendant's argument that the evidence failed to exclude several explanations consistent with his innocence were therefore for the jury, not the court. The jury chose to believe the inferences of guilt beyond reasonable doubt and we do not review that

determination. The motion for judgment of acquittal was therefore properly denied.[1]

## II. The Condition of Probation

Imposition of sentence upon the defendant was suspended and he was placed on probation for two years under various conditions, including:

> "That he shall make restitution in the sum of One Thousand Eight Hundred Seventy ($1,870.00) to the Humane Society of the Willamette Valley, said restitution being made to reimburse said society for the care and feeding of the five (5) dogs held by said society for the period from February 12, 1976 through August 16, 1976."

The condition was imposed pursuant to ORS 137.540(10), which provides:

> "The court shall determine * * * the conditions of probation, which may include, as well as any others, that the probationer shall:
>
> "* * * * *
>
> "(10) Make reparation or restitution to the aggrieved party for the damage or loss caused by offense, in an amount to be determined by the court."

Since this section must be narrowly construed, and since the Humane Society is clearly not the victim of the crime of cruelty to animals, money damage restitution to it may not be ordered as a condition of probation under the clear holding of *State v. Stalheim,* 275 Or 683, 552 P2d 829 (1976); *see also State v. Getsinger,* 27 Or App 339, 556 P2d 147 (1976). The condition is therefore unlawful.

---

[1] Defense counsel questioned a venireman from Falls City regarding his acquaintance with the defendant and his observation of the defendant walking with dogs. Also, during opening statement, defense counsel told the jury that there would be evidence from the state and the defense that these were hunting dogs which, because of their loud barking, were kept in the country where they would not disturb the neighbors. The state urges that we consider the statements of counsel as judicial admissions relieving the state of the necessity of proving the matter admitted. *Cf. State v. Whiteaker et al.,* 118 Or 656, 247 P 1077 (1926). In view of our disposition of the case on the evidence presented by the state, it is unnecessary to consider the evidentiary effect of statements of counsel.

Because the sentencing court may wish to modify the entire judgment order in light of the invalidation of one of its several parts, we vacate the sentencing order and remand for imposition of a new sentence.

Remanded for resentencing.