STATE OF OREGON, *Respondent,*

*v.*

THOMAS RICHARD STEFFEN, *Appellant.*
(No. 146733, CA 12003)

STATE OF OREGON, *Respondent,*

*v.*

LOUISE JEAN BOCHSLER, *Appellant.*
(No. 146734, CA 12002)

STATE OF OREGON, *Respondent,*

*v.*

RICHARD JEREMIAH SHAFER, *Appellant.*
(No. 146735, CA 12003)

STATE OF OREGON, *Respondent,*

*v.*

BRADFORD DUANE GERMEROTH, *Appellant.*
(No. 146736, CA 12003)

STATE OF OREGON, *Respondent,*

*v.*

LORRAINE ETHEL KLEIN, *Appellant.* (No. 146737,
CA 12003)

STATE OF OREGON, *Respondent,*

*v.* '

GERALD JOHN OWEN, *Appellant.*
(No. 146728, CA 12003)

STATE OF OREGON, *Respondent,*

*v.*

REGINA BARBARA SCHIEDLER, *Appellant.*
(No. 146739, CA 12003)

592 P2d 1081

Rita Radich, Portland, argued the cause and filed the brief for appellants.

Karen H. Green, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Lee and Gillette, Judges.

GILLETTE, J.

## GILLETTE, J.

These seven defendants were charged with Trespass in the Second Degree in connection with their refusal to leave the Lovejoy Clinic after being told to do so. All were convicted after trial by jury. Each received a one-year bench probation, a suspended 30-day jail sentence, and a $50 fine. The cases were consolidated for trial and remain consolidated for this appeal. We reverse the convictions of five of the defendants—Steffen, Shafer, Germeroth, Owen and Schiedler—for failure of proof, and affirm the convictions of the remaining two defendants—Klein and Bochsler.

The defendants' first assignment of error arises out of the court's denial of their motion for a directed verdict of acquittal. The motion was occasioned by an omission in proof of identity of certain of the defendants. During *voir dire*, each of the defendants was identified for the original panel of veniremen. However, the original panel proved insufficient and a second panel was summoned. The individual defendants were not again identified for the second panel. One of this second panel thereafter became a member of the jury which ultimately tried the case.

In passing upon denials of motions for directed verdict of acquittal, this court reviews the evidence in the light most favorable to the state and will sustain the trial court's action and the verdict if the evidence and the inferences which may be drawn from it are sufficient to allow the jury to find the defendants' guilt beyond a reasonable doubt. *State v. Krummacher*, 269 Or 125, 137-38, 523 P2d 1009 (1974). Defendants argue (and the state acknowledges) that only two of the seven defendants were ever identified by name during *the trial*.[1] The state seems to argue in response that there was more than adequate physical

---

[1] Defendants actually argued in their brief that three defendants were not identified. The state acknowledges, however, that five defendants were not identified.

[573]

identification of each of the seven people who committed the trespass. It is true that seven people were physically identified. However, there is no evidence to show at least one of the jurors that five[2] of those seven people were the seven defendants named in the charging instruments. The only thing even arguably approaching such connecting evidence was the trial judge's comment, in response to the motion for directed verdict, that

"[a]ll of the defendants have been identified by pointing them out."

The trial judge is not a witness, and his comment is not evidence. *Cf. State v. Taylor,* 247 Or 239, 427 P2d 1019 (1967) (trial judge improperly urged counsel in presence of jury to agree as to unlawful nature of drug defendant charged with attempting to obtain). The motion for a directed verdict of acquittal as to unidentified defendants Steffen, Shafer, Germeroth, Owen and Shiedler should have been allowed.

As to the two remaining defendants, Bochsler and Klein, one further assignment of error will be discussed.[3] This assignment challenges the in-court identification of the defendants by three witnesses who had been shown certain pictures, apparently including one or more "mug" shots of the defendants, prior to their testimony. Defendants, however, neither moved to suppress nor otherwise objected to the three witnesses' identification testimony on the ground that it was tainted. We therefore decline to consider the matter on the merits.

The judgment as to defendants Bochsler and Klein is affirmed. The judgment as to defendants Steffen, Shafer, Germeroth, Owen and Schielder is reversed.

---

[2] Defendants Bochsler and Klein testified on their own behalf, and so were sufficiently identified.

[3] Three other assignments of error do not require discussion.