Argued and submitted January 20, affirmed April 5,
reconsideration denied July 8,
petition for review denied July 27, 1982 (293 Or 394)

STATE OF OREGON,
*Respondent,*

*v.*

CHARLES MARVIN LINDOFF,
*Appellant.*

(No. 38029, CA A22449)

642 P2d 1214

E. Ted Meece, Portland, argued the cause and filed the brief for appellant.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, Young, Judge, and Roberts, Judge Pro Tempore.

YOUNG, J.

.

**YOUNG, J.**

This is an appeal from a judgment of conviction for driving while suspended. ORS 487.560. Defendant contends that the trial court erred in denying his motion for a directed verdict of acquittal because of the failure to identify the defendant as the same person charged with the crime.

The record shows that an officer stopped an individual for inconspicuously displayed license plates on his vehicle. ORS 481.255. When asked to identify himself, the driver produced an Alaska driver's license issued to Charles Marvin Lindoff. A motor vehicle check revealed that the license was suspended, and the officer issued a uniform traffic complaint to the driver for driving while suspended. The complaint named Charles M. Lindoff and listed a Portland address.

At trial the officer was unable to identify defendant as the same person who identified himself with the driver's license and to whom the complaint was issued.

"Defense Counsel: Well, the person you issued the citation to, is he in court here today?

"Witness: That is possible, sir. I do not recognize Mr. Lindoff."

The state offered exhibits of Charles Marvin Lindoff's suspension order, driving record and mailing receipt for the order of suspension, all of which listed the same Portland address as was shown on the complaint. Defendant moved for a directed verdict of acquittal for "insufficient identification of the defendant here as being a [sic] person who actually drove while suspended." The court denied the motion, and the defense rested.[1]

ORS 487.560(1) requires the state to prove that defendant was driving on a highway at a time when his license was suspended. *State v. Harris,* 288 Or 703, 712, 609

---

[1] In reviewing denials of motions for directed verdict of acquittal, the evidence is viewed in the light most favorable to the state. The trial court's action and its verdict will be sustained if the evidence and the inferences which may be drawn from it are sufficient to allow any rational trier of fact to find the defendant guilty beyond a reasonable doubt. *State v. Krummacher,* 269 Or 125, 137-38, 523 P2d 1009 (1974); *State v. Steffen,* 39 Or App 571, 573, 592 P2d 1081, *rev den* 286 Or 449 (1979).

P2d 798 (1980); *State v. Connett,* 48 Or App 261, 263, 616 P2d 1191 (1980). The crime of driving while suspended is a Class A misdemeanor. ORS 487.560(5). A defendant charged with a misdemeanor need not personally appear for trial. ORS 136.040.[2]

Defendant argues that the state failed to prove an essential element of the crime charged, because he was not identified as the person driving with a suspended license. The state argues that there was sufficient evidence to connect defendant to the person who was issued the complaint; that is, there is a perfect correlation between the name of defendant and the identification given the arresting officer. The state relies on the statutory presumption found in former ORS 41.360(25):[3]

> "All presumptions other than conclusive presumptions are satisfactory, unless overcome. They are disputable presumptions, and may be controverted by other evidence, direct or indirect, but unless so overcome, the jury is bound to find according to the presumption. The following are of that kind:
>
> "* * * * *
>
> "(25) Identity of person from identity of name."

The question to be resolved is whether there was either a presumption or an inference by which the fact-finder could reasonably find beyond a reasonable doubt that defendant was the same person who was driving with a suspended license. *See State v. Harris, supra,* 288 Or at 715. The state is not required to prove each element of the crime charged by direct evidence, but may rely on indirect or circumstantial evidence. *State v. Vance,* 285 Or 383, 391, 591 P2d 355 (1979). In Oregon indirect or circumstantial evidence is defined by statute. ORS 41.080 provides:

> "Indirect evidence is that which tends to establish the fact in dispute by proving another, and which, though true,

---

[2] ORS 136.040 provides:

"If the charge is for a misdemeanor, the trial may be had in the absence of the defendant if he appears by his counsel * * *."

[3] See ORS 40.135 Rule 311, which provides in part:

"The following are presumptions:

"* * * * *

"(r) A person is the same person if the name is identical."

does not of itself conclusively establish that fact, but affords an inference or presumption of its existence. * * *"

The fact proved may, therefore, constitute *prima facie* evidence of the presumed elemental fact.

A presumption has been described as "the slipperiest member of the family of legal terms."[4] ORS 41.360 used the designation "disputable presumption," yet case law requires the jury to be instructed that a presumption is a mere "permissive inference" when the presumed fact establishes guilt, or is an element of the offense or negates a defense. *State v. Harris, supra; State v. Vance, supra; Ulster County Court v. Allen,* 442 US 140, 99 S Ct 2213, 60 L Ed 2d 777 (1979).[5]

■ The question becomes whether the trier of fact was warranted in inferring that defendant was driving while suspended from the fact that a driver's license issued in the same name as defendant's was presented as identification by the particular driver stopped and cited by the arresting officer. The Supreme Court of the United States has stated that there must be "a rational connection between the fact proved and the ultimate fact presumed" and that the ultimate fact is "more likely than not to flow from the former." *Ulster County Court v. Allen, supra; Tot v. United States,* 319 US 463, 467, 87 L Ed 1519, 63 S Ct 1241 (1942); *Leary v. United States,* 395 US 6, 36, 23 L Ed 2d 57, 89 S Ct 1532 (1969); *State v. Vance, supra,* 285 Or at 393. There is such a "rational connection" between the facts that a driver identified himself with a driver's license issued to Charles Marvin Lindoff and that the same person is the defendant named Charles Marvin Lindoff.

---

[4] McCormick, Evidence 802-03, § 342 (2d ed E. Cleary 1972).

[5] This has been codified by ORS 40.125 Rule 309:

"(1) The judge is not authorized to direct the jury to find a presumed fact against the accused.

"(2) When the presumed fact establishes guilt or is an element of the offense or negates a defense, the judge may submit the question of guilt or the existence of the presumed fact to the jury only if:

"(a) A reasonable juror on the evidence as a whole could find that the facts giving rise to the presumed fact have been established beyond a reasonable doubt; and

"(b) The presumed fact follows more likely than not from the facts giving rise to the presumed fact."

In *State v. Garrett,* 281 Or 281, 574 P2d 639 (1978), the court interpreted the statutory presumption of identity of person from identity of name. As in this case, the only evidence linking the defendant to the crime charged was his name. There the defendant was charged with five counts of cruelty to five dogs. Two of the dogs wore collars with tags which read *"Gene* Garrett - Falls City Ore - Ph 787-3653." That was the only evidence that the animals were under defendant *Eugene* Garrett's custody and control, an element of the state's case. The court reversed the conviction:

"We construe ORS 41.360(25) to require literal identity of names to trigger the presumption of identity of persons and thereby present a prima facia case. Similarity of names, without additional evidence, will not support a finding of identity." *State v. Garrett,* 281 Or at 286.

Given the literal identity of names in the instant case, the presumption applies. With the aid of the presumption and the high degree of probability underlying it, the trial court could properly infer beyond a reasonable doubt that defendant was the same person who was operating a motor vehicle while his license to drive was suspended.

Affirmed.