Argued and submitted September 10, reversed and remanded
for trial October 13, reconsideration denied December 10, 1982,
petition for review denied February 8, 1983 (294 Or 492)

## CITY OF PORTLAND,
*Appellant,*

*v.*

## JOHNSON,
*Respondent.*

### (No. DA215859-8107, CA A23697)

651 P2d 1384

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were

Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Ivan M. Karmel, Milwaukie, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

The City of Portland appeals an order of the district court granting defendant's demurrer to a complaint charging him with "unlawful camping." The court held that the ordinance under which defendant was charged is unconstitutionally vague under the Oregon Constitution. We reverse.

The ordinance[1] prohibits "camping"

"* * * in or upon any sidewalk, street, alley, lane, public right-of-way or any other place to which the general public has access, or under any bridgeway or viaduct * * *."

The ordinance provides that " 'to camp' means to set up or to remain in or at, a campsite." "Campsite" is defined as:

"* * * any place where any bedding, sleeping bag or other sleeping matter, or any stove or fire, is placed, established or maintained, whether or not such place incorporates the use of any tent, lean-to, shack or any other structure, or any vehicle or part thereof."

The trial court found that the ordinance is vague. In its opinion and order, however, the court also stated that the ordinance prohibits conduct that is constitutionally protected in this state, language that indicates an overbreadth analysis. The court's decision was specifically made under and limited to the Oregon Constitution.[2]

The Supreme Court has recently provided an extensive discussion on the meaning of vagueness and overbreadth and the difference between the two concepts. *State v. Robertson,* 293 Or 402, 649 P2d 569 (1982). We need not recapitulate that discussion. Vagueness

"* * * means that a penal law is stated in terms from which those to whom it is addressed - potential defendants, prosecutors, courts, and jurors - cannot discern what conduct the lawmaker did or did not mean to include in the prohibition. Such a failure of communication in penal laws

---

[1] Ordinance No. 151690, passed by the Portland City Council on June 4, 1981, enacted definitions to be contained in Portland City Code § 14.08.250

[2] While defendant's motion was based on both federal and state grounds, defendant argues on appeal only that the trial court's decision is correct on state constitutional grounds. He does not contend that we should decide the issue on any other grounds than the state vagueness and overbreadth bases upon which the trial court based its decision. Our opinion therefore specifically addresses only those grounds. We note, however, that we would not reach a different result under the federal Constitution.

has been held to contravene article I, section 21 of the Oregon Constitution because 'they not only allow a court or a jury to define a crime but to do so after the fact,' * * *." *State v. Blocker,* 291 Or 255, 260, 630 P2d 824 (1981); *see also State v. Hodges,* 254 Or 21, 457 P2d 491 (1969).

The crux of defendant's vagueness argument, and the trial court's decision, is that the ordinance is vague because, by its literal terms, it prohibits activities that no reasonable person would consider to be criminal. Even if we assume that such an analysis is appropriate, *see State v. Sanderson,* 33 Or App 173, 575 P2d 1025 (1978); *City of Portland v. Arndorfer,* 44 Or App 37, 604 P2d 1279 (1980); *but see State v. Robertson, supra,* 293 Or at 410-11, we do not find this ordinance to be vague. Although the definition of "campsite" is indeed very broad, we must construe the definition in light of the entire ordinance in order to effectuate the intent of the City Council. *See State ex rel Erickson v. Sanborn et al.,* 101 Or 686, 201 P 430 (1921); *City of Portland v. Kirk,* 16 Or App 329, 518 P2d 665, *rev den* (1974).

■ The ordinance at issue here also contains the following language:

"Section 1. The Council finds:

"1. That from time to time persons establish campsites, *for the purpose of maintaining a temporary place to live,* on sidewalks, public right of ways, under bridges, and so forth.

"2. That such persons, by such actions, are creating unsafe and unsanitary living situations which pose a threat to the peace, health and safety of themselves and other citizens of the City." (Emphasis supplied.)

Reading the definition of campsite together with the quoted statement of purpose by the city council, it is apparent that the ordinance is not intended to prohibit the type of activities that defendant contends are now prohibited by the ordinance, such as picnicking on a blanket in a park, waiting in line for tickets while wrapped in a blanket or watching the Rose Festival parade from a cot or blanket. It is clear that the type of camping that the ordinance prohibits is that by which there is exhibited a "purpose of maintaining a temporary place to live." We construe that

phrase to modify and limit the definition of "campsite" and "camping."

The question before us is whether the ordinance is vague as we have construed it. It is not necessary that a statute, or ordinance, in order to withstand a vagueness challenge,

> "* * * define an offense with such exactitude that a person could determine in advance whether specific conduct in all possible factual circumstances will be found to be an offense. *State v. Samter,* 4 Or App 349, 479 P2d 237 (1971). The standard need not be so exact that persons affected by it will never be required to hazard their freedom upon a correct assessment of the manner in which a jury will resolve a question of degree. *State of Oregon v. Wojahn,* 204 Or 84, 137 282 P2d 675 (1955)." *State v. Williams,* 37 Or App 419, 422-23, 587 P2d 1049 (1978).

We conclude that this ordinance is so sufficiently specific that it does not leave the determination of the law to the "uncontrolled discretion" of judges and juries, *see State v. Hodges, supra,* 254 Or at 27, or invite "standardless and unequal application of penal laws, contrary to article I, section 20 [of the Oregon Constitution]." *See State v. Robertson, supra,* 293 Or at 408.

We turn next to the question of overbreadth. A determination that a statute is overbroad requires a finding that it impinges on some constitutionally protected activity.

> "An overbroad law * * * is not vague, or need not be. Its vice is not failure to communicate. Its vice may be clarity. For a law is overbroad to the extent that it announces a prohibition that reaches conduct which may not be prohibited. A legislature can make a law as 'broad' and inclusive as it chooses unless it reaches into constitutionally protected ground. * * *" *State v. Blocker, supra,* 291 Or at 261.

Defendant's argument that this ordinance is unconstitutionally overbroad must fail, because we cannot find a "constitutionally protected ground" that is invaded by this ordinance, despite defendant's imaginative attempts to identify rights that it may impinge upon. Defendant argues that the city may not prohibit "innocuous" conduct that does not impose on the rights of others. The city council

found, however, that the "camping" at which the ordinance is directed is "creating unsafe and unsanitary living situations which pose a threat to the peace, health and safety" of the citizens of Portland. This ordinance is within the police power of the city, and it is not our function to determine the wisdom of the ordinance or whether we might fashion one differently. *See Leathers v. City of Burns,* 251 Or 206, 444 P2d 1010 (1968).

Reversed and remanded for trial.