**Charles W. CHAMBERS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F-84-201.**

Court of Criminal Appeals of Oklahoma.

June 16, 1986.

Franklin Day, Asst. Public Defender, Roland, for appellant.

Michael C. Turpen, Atty. Gen. Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Charles W. Chambers, was convicted of Burglary in the Second Degree and Burglary of an Automobile in the District Court of Sequoyah County, Oklahoma, Case No. CRF–82–123. He was sentenced to a term of two (2) years imprisonment, and appeals. We affirm.

Appellant's conviction stemmed from the July 24, 1982 burglary of a van and trailer residence owned by Sybil K. Davis of Sallisaw. The conviction was obtained through proof that appellant and another person had in their possession two C.B. radios and a power pack, all of which were stolen from the Davis residence. The radios and power pack were introduced in appellant's trial as State's Exhibits 1, 2 and 3. A television set, which was taken in the burglary, was found in the appellant's home.[1] Appellant was discovered with these items just hours after the burglary.

### I.

In his first assignment of error, the appellant challenges the admission of State's Exhibits 1, 2 and 3. He claims these items were seized in violation of the Fourth Amendment to the United States Constitution, and should have been suppressed as evidence. The State counters this claim with its argument that the appellant had no standing to object to the seizure. We agree with the State's position.

The facts relating to this issue reveal that during the early morning hours of July 24, 1982, Oklahoma Highway Patrol Trooper Bill James was on duty in Sequoyah County. At about 1:25 a.m., he spotted a car driven by G.W., a minor. Appellant was a passenger in the vehicle. Trooper James stopped the car because he believed the driver was drunk. When a radio check revealed G.W.'s driver's license had been suspended, James arrested the youth for the offense of Driving Under Suspension. G.W. was given the choice of having the car impounded or released to the passenger. When G.W. selected the latter option,

1. The television set, although recovered and returned to Ms. Davis, was stolen immediately before trial in a separate, unrelated burglary committed by unknown persons. However, police testified Ms. Davis identified the television set found in appellant's home as hers. Furthermore, the television set found at appellant's home bore the same serial number as that owned by Ms. Davis.

James conducted a field sobriety test on the appellant and discerned that the appellant was intoxicated. Appellant was arrested for the offense of Public Drunk. James called Officer Charles Orefice of the Sallisaw Police Department for assistance.

As Trooper James was affecting the arrests, he noticed two C.B. radios and a power pack in the back seat of the car. After Orefice arrived, James asked G.W. whether he wanted the car impounded or left at the location, which was in front of a gas station. Although the car could not be locked, G.W., to James' surprise, requested the vehicle and the radios be left at the scene. James asked Orefice to record the numbers from the radios in the event the property was later stolen from the car.

Some three hours later, Orefice was dispatched to the Davis residence, where he learned a trailer home and van had been burglarized, apparently that night. He also learned that police suspected two C.B. radios were missing. Orefice informed his superiors regarding the radios he observed in the G.W. vehicle. Orefice and another officer went to G.W.'s car and seized the radios and the power pack.

At trial, the appellant moved to suppress the admission of the two C.B. radios and the power pack. However, the appellant did not establish whether he had any possessory interest in either the vehicle or the items seized.

■ We explained in *Edwards v. State*, 651 P.2d 1335, 1336 (Okl.Cr.1982) that:

> Before this Court will look to an alleged Fourth Amendment violation, it must first be determined whether the defendant had a legitimate expectation of privacy in the place searched. *Meeks v. State*, 637 P.2d 1259 (Okl.Cr.1981). Furthermore, the defendant has the burden of proving that he had a legitimate expectation of privacy in the area searched. *Rawlings v. Kentucky*, 448 U.S. 98, 100 S.Ct. 2556, 2566, 65 L.Ed.2d 633 (1980).

*Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978) teaches us that standing for Fourth Amendment purposes is determined only by whether the defendant had a legitimate expectation of privacy in the area searched or the items seized. *Accord Reiman v. State*, 661 P.2d 1358 (Okl.Cr.1983); and *Boutwell v. State*, 659 P.2d 322 (Okl.Cr.1983). In this case, the appellant demonstrated neither a possessory interest nor legitimate expectation of privacy in the car, radios or power pack. We accordingly hold that the trial court correctly overruled the motion to suppress.

## II.

In his next assignment of error, the appellant maintains the trial court erred in allowing the State to re-open its case in order to introduce into evidence three exhibits. We have previously held that the decision whether to allow the State to re-open its case for the introduction of exhibits is within the trial court's discretion. *Helfrich v. State*, 640 P.2d 1367 (Okl.Cr. 1982). We cannot say the trial court abused its discretion in this case. Accordingly, this assignment of error is without merit.

## III.

■ Finally, the appellant claims insufficient evidence was presented by the State to support the convictions. We have repeatedly said that the proper test is whether a *prima facie* case has been established by the State's evidence, and if such a case is presented, we will not disturb the jury's verdict on appeal. *Neal v. State*, 529 P.2d 526 (Okl.Cr.1974).

The State's evidence established that a residence and a vehicle belonging to Sybil K. Davis were burglarized during the early morning hours of July 24, 1982, sometime between the rounds of the policemen who patrolled that area. Two C.B. radios, a power pack and a television set were stolen. The radios and the converter were observed in the back seat of an automobile in which the defendant was arrested. The television set was found later that morning at the appellant's residence. From this evidence, the jury could reasonably infer that

the appellant was guilty as charged. This assignment of error is without merit.

Accordingly, the judgment and sentence of the District Court is AFFIRMED.

BRETT and BUSSEY, JJ., concur.