711

Argued and submitted March 5, affirmed October 21, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## CYNTHIA ANN DAVIS,
*Appellant.*

## (9011-36448; CA A70555)

839 P2d 283

Kirkland T. Roberts, Portland, argued the cause and filed the brief for appellant.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. On the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Carol J. Fredrick, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Defendant was convicted of first-degree theft, ORS 164.055, and theft by extortion, ORS 164.075, but she challenges only the latter conviction. The issue is whether defendant threatened to "[c]ause damage to property," ORS 164.075(1)(b), before the victim agreed to pay money for its return. We affirm.

On November 14, 1990, Crowe inadvertently left his $1,200 cellular telephone on the rear bumper of his truck. He drove away, it fell off and defendant found it. Over the phone, defendant told Crowe that she had found his phone and that she felt that she deserved $100 as a reward for returning it. Crowe testified that she said that she "would just throw the phone away" if she did not receive the money. After some negotiation, Crowe agreed to meet her at a site in Portland and pay her money.

Crowe called the police and then drove to the site with an officer who wore Crowe's jacket over his uniform. Because defendant saw another man in Crowe's truck, she did not appear. Crowe telephoned her and told her that he had brought a friend along for protection. Defendant replied that she also had a friend with her and that the friend had "a friend in his pocket," implying that he had a gun. They met, and defendant and her friend displayed the phone. Police officers arrested them but found no weapon.

Defendant assigns error to the court's denial of her motion for judgment of acquittal. We review the evidence in the light most favorable to the state to determine whether there was sufficient evidence from which a jury could have found defendant guilty beyond a reasonable doubt. *State v. Steffen*, 39 Or App 571, 573, 592 P2d 1081, *rev den* 286 Or 449 (1979).

ORS 164.075 provides, in part:

"(1) A person commits theft by extortion when the person compels or induces another to deliver personal property to the person or to a third person by instilling in the other a fear that, if the property is not so delivered, the actor or a third person will in the future:

"(a) Cause physical injury to some person; or

"(b) *Cause damage to property* * * *." (Emphasis supplied.)

Defendant argues that her threat to discard Crowe's telephone is not a threat to cause damage to it. We disagree. A threat to "throw away" property is a threat to cause damage to it.

Relying on *State v. Gholston,* 55 Or App 790, 639 P2d 1302, *rev den* 292 Or 863 (1982), defendant argues that she could not have committed theft by extortion, because Crowe agreed to pay $100 before she threatened him. In *Gholston,* the defendant, who had stolen a purse, called the victim, who offered him $50 to return her wallet. He then told her that he had some friends who could forge the checks in her purse. We held that, because her offer to give him money *preceded* the threat to forge checks on her account, the state had not met its burden of proving theft by extortion. In the present case, defendant threatened to discard the phone *before* Crowe agreed to pay her $100. That she later threatened him with an imaginary gun after he had agreed to pay her is not material to the charge. The state met its burden of proof.

Affirmed.