Joseph John MATULA, Appellant,

v.

UNITED STATES of America,
Appellee.

Jamie MATHIS, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 7508, 7509.

United States Court of Appeals
Tenth Circuit.

Feb. 4, 1964.

Jerry C. Connell, Lakewood, Colo., for appellants.

John H. Quinn, U. S. Atty. (John A. Babington, Asst. U. S. Atty., was with him on the brief), for appellee.

Before PICKETT, LEWIS and SETH, Circuit Judges.

LEWIS, Circuit Judge.

Appellants were each convicted of unlawfully transporting firearms across state lines in violation of 15 U.S.C.A. § 902(e). Each appeals, contending that the evidence was insufficient as a matter of law to establish a prior conviction of a "crime punishable by imprisonment for a term exceeding one year * * *."[1] The evidence is admittedly sufficient to show that both Matula and Mathis did.

---

1. 15 U.S.C.A. § 902(e). "It shall be unlawful for any person who is under indictment or who has been convicted of a crime punishable by imprisonment for a term exceeding one year or who is a fugitive from justice to ship, transport, or cause to be shipped or transported in interstate or foreign commerce any firearm or ammunition."

**338**

transport firearms from Texas to New Mexico.

The evidence relating to prior conviction is similar in substance as to each appellant. Government witnesses testified to an extra-judicial statement made by Matula to the effect that he had been convicted of assault with intent to commit murder in Bexar County, Texas, in 1958, and had received a seven-year sentence; that Mathis had stated that he had been convicted of forging and uttering in Coleman County, Texas, in 1956, and had received a two-year sentence. Authenticated copies of Texas state court records were also placed in evidence showing convictions identical in name, place, nature of offense, times and terms of sentence.

An essential element of an offense may not be proved by an uncorroborated extra-judicial statement of the defendant, Kelly v. United States, 10 Cir., 246 F.2d 864; nor, in a Federal Firearms Act prosecution, does the government discharge its total burden of proving a prior conviction by the introduction of court records pertaining to a person of same or similar name, Gravatt v. United States, 10 Cir., 260 F.2d 498. However, each such channel of proof is a proper approach and becomes sufficient in law when supported by independent evidence tending to support its trustworthiness. The independent proof need not be sufficient, alone, to establish the element of the offense. Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101; Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192.

In the case at bar neither the appellants' extra-judicial statements nor the Texas state court records, when considered separately, are sufficient to prove the existence of a prior conviction. But each is strong corroboration of the other and when considered together meets that standard of proof required in federal prosecutions. Gonns v. United States, 10 Cir., 231 F.2d 907. And see Arriaga-Ramirez v. United States, 10 Cir., 325 F.2d 857 (1963).

Affirmed.