# In the
# United States Court of Appeals
## For the Seventh Circuit

————————

No. 04-1199

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

DAVID L. ALLEN,

*Defendant-Appellant.*

————————

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. IP 03-113-CR-01 H/F—**David F. Hamilton**, *Judge.*

————————

ARGUED AUGUST 4, 2004—DECIDED SEPTEMBER 9, 2004

————————

Before FLAUM, *Chief Judge*, and BAUER and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* David L. Allen was convicted in the Southern District of Indiana of possession of a firearm and ammunition by a felon. He challenges the sufficiency of the government's evidence that he had previously been convicted of a felony. That evidence consisted of a 1995 Indiana abstract of judgment bearing the name "David L. Allen" and reflecting a felony conviction but containing no other information identifying the defendant.

To link the 1995 judgment to Allen, the government introduced a 1999 Indianapolis arrest report bearing Allen's

thumbprint and a case number that corresponds to the 1995 conviction. Allen concedes that the 1999 document proves that he was arrested that year pursuant to a postconviction warrant issued on the 1995 case. He argues, however, that the arrest report is insufficient to establish beyond a reasonable doubt that he is the same David L. Allen who was convicted in the 1995 case.

The question of the sufficiency of the evidence of a defendant's identification to a prior felony conviction is one of first impression in this circuit. Other circuits are split on whether a name alone is sufficient to identify a defendant to a judgment of conviction. The weight of authority, however, is on Allen's side. We reverse.

## I.

The government's case against Allen stems from a burglary at an apartment in Indianapolis. In the early morning hours of February 12, 2003, Crystal Jones called 911 and reported that someone was breaking into her apartment. Marion County sheriff's deputies responded and saw Allen crawling out of a window and falling behind an air-conditioning unit. After arresting Allen, the deputies searched the area between the window and air-conditioner and discovered a 9mm semiautomatic pistol and a magazine loaded with 9mm ammunition. Allen was searched and a 9mm bullet was found in his pants pocket.

Allen was charged with possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1). As to Allen's status as a felon, the indictment alleged that in 1995 Allen had been convicted in Indiana state court of the felony offense of "Dealing in Cocaine."

The case was tried to the bench. To prove Allen's prior felony conviction, the government introduced a certified Marion County Superior Court "Abstract of Judgment"

reflecting that a David L. Allen was sentenced on January 6, 1995 for dealing cocaine and carrying a handgun without a license in Cause No. 49-GO4-9310-CF-143537. Other than the name, the judgment abstract contains no other identifying information pertaining to the defendant.

The government also introduced a June 23, 1999 arrest report from the Indianapolis Police Department reflecting a booking number "93143537" and bearing a right thumbprint. Robert Knapp, a fingerprint expert from the Indianapolis Police Department, testified that he fingerprinted Allen on the morning of trial in this case and that Allen's right thumbprint matched the one appearing on the 1999 arrest report. Knapp also testified that the numbers 143537 contained on the judgment in the 1995 case "are the unique numbers that are always associated with this case" and will appear on a later arrest report "if someone is arrested four or five years later on a warrant."

Allen objected to the admission of the 1999 arrest report, arguing that it did not establish that he was the David L. Allen who was convicted and sentenced for dealing cocaine in 1995. The district court overruled the objection but offered the following observation about the relative probative value of the arrest report: "I agree with the defense's evaluation, but any individual piece of evidence is not required to prove every step of the logical chain that might be needed in the proof." The government put in no other evidence identifying Allen as the subject of the 1995 conviction.

At the close of the evidence, Allen moved for judgment of acquittal. The district court denied the motion and found Allen guilty on both counts. In announcing the guilty verdict, the district court summarized the proof as follows: "[t]he evidence shows that a person by the same name [as Allen] was convicted of a felony, dealing cocaine . . . and that this defendant, Mr. Allen, was arrested in 1999, on a warrant that was issued as part of that same felony case." Beyond that, the court noted:

> There is not a lot else in terms of evidence. There is no fingerprint, photograph, physical description of the person convicted in [1995]. But this defendant was arrested and processed on a warrant issued in connection with the [1995] conviction, and there is no evidence before the court of mistaken identity or error in that arrest.

The court acknowledged that it was "logically possible" that Allen "was mistakenly arrested in 1999," but dismissed that possibility as speculation and concluded that there was no reasonable doubt that the "defendant, David L. Allen, in this case, is the same David L. Allen who was convicted . . . for dealing cocaine."

## II.

A sufficiency of the evidence challenge to a criminal conviction is reviewed deferentially in favor of the verdict: we view the evidence in the light most favorable to the government and affirm so long as a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *accord United States v. Jones*, 371 F.3d 363, 365-66 (7th Cir. 2004). In order to establish prohibited possession under § 922(g)(1), the government must prove: (1) that the defendant possessed a firearm or ammunition; (2) that the firearm or ammunition had traveled in or affected interstate commerce; and (3) that prior to possessing the gun or ammunition the defendant had been convicted of a felony. 18 U.S.C. § 922(g)(1); *see United States v. Morris*, 349 F.3d 1009, 1013 (7th Cir. 2003).

At issue here is the sufficiency of the government's proof as to Allen's prior felony conviction. That proof consisted of the 1995 Indiana abstract of judgment indicating that a person named David L. Allen was convicted of a felony.

Other than the name, the judgment abstract contained no information connecting the 1995 conviction to the defendant in this case; to supply the connection, the government introduced the 1999 arrest report and testimony of the fingerprint expert. Allen concedes that this additional evidence establishes beyond a reasonable doubt that he was arrested in 1999 on a warrant issued for the David L. Allen who had been convicted of felony cocaine dealing in 1995. The mere fact of this arrest, he argues, does not prove beyond a reasonable doubt that he is the same David L. Allen who was convicted in 1995. He notes without objection or contradiction from the government that the most recent Indianapolis telephone directory has three listings for "David L. Allen," three for "D L Allen," 16 more for "David Allen," and another 10 for "D Allen."

The government's case regarding Allen's status as a felon consists entirely of inferences the government argues may be drawn about the name on the judgment abstract and Allen's subsequent arrest on the warrant issued pursuant to that judgment. The question of the sufficiency of the government's proof therefore depends upon whether this evidence permits an inference beyond a reasonable doubt that Allen and the person convicted in 1995 are one and the same.

The trial court did not initially think so. In overruling Allen's objection to admission of the arrest report, the court agreed with the defense that the report, in and of itself, did not prove that Allen was the same person convicted in 1995. However, the court admitted the report into evidence as a link in the "logical chain." The government did not take this as a cue to shore up its proof on this point, and no further evidence to identify Allen to the judgment was offered. Nonetheless, the district court ultimately concluded that in the absence of any evidence of mistaken identity or other

error in the 1999 arrest, there was no reasonable doubt that Allen was the person convicted of dealing cocaine in 1995.[1]

This circuit has specifically rejected the general argument that additional evidence is required to corroborate certified conviction records for purposes of establishing the defendant's status as a felon. *See United States v. Carraway*, 108 F.3d 745, 754 (7th Cir. 1997) (per curiam). But neither *Carraway* nor any other case in this circuit has addressed whether a record of conviction identifying a defendant by name alone is sufficient to prove a defendant's status as a felon beyond a reasonable doubt and, if not, what additional evidence is required to carry the burden of proof.

Other circuits have reached different conclusions in cases where the government has relied entirely on a judgment of conviction that bears the defendant's name but no other identifying information. The Fifth and Ninth Circuits have held that the government satisfies its burden by introducing a certified copy of a judgment containing the same name as the defendant, provided that the defendant makes no attempt to challenge the evidence. *See Pasterchik v. United States*, 400 F.2d 696, 701 (9th Cir. 1968); *Rodriguez v. United States*, 292 F.2d 709, 710 (5th Cir. 1961). The Second, Third, and Tenth Circuits have held that a conviction record containing the defendant's name as the sole source of identification is insufficient to meet the government's burden of proof due to the prevalence of common or identical names. *United States v. Jackson*, 368 F.3d 59, 68 (2d Cir. 2004) (explaining, "[n]ames, of course, vary enormously in common-

---

[1] Allen argues in the alternative that the district court impermissibly shifted the burden of proof to the defense by emphasizing the lack of evidence of mistaken identity or error in the 1999 arrest. Because we resolve this appeal in Allen's favor on the sufficiency of the evidence issue, we do not address his burden-shifting argument.

ness, some names being shared by a great many users"); *United States v. Weiler*, 385 F.2d 63, 66 (3d Cir. 1967); *Gravatt v. United States*, 260 F.2d 498, 499 (10th Cir. 1958) ("It is common knowledge that in many instances men bear identical names.").

Cases like this one are rare, perhaps because identifying a defendant to a prior conviction is usually a simple matter. The Second Circuit's decision in *Jackson* is the first published circuit court opinion on this issue in more than thirty-five years. There, the defendant, Aaron L. Jackson, was charged with possession of ammunition by a felon. The evidence of his status as a felon consisted solely of a certified copy of a New York state court judgment reflecting a felony conviction against a person named Aaron Jackson eighteen years earlier. *Jackson,* 368 F.3d at 62. The court held that the name alone was insufficient to identify the conviction record to the defendant beyond a reasonable doubt:

> Notwithstanding that the evidence was provided by an official court certificate, that certificate established no more than that the convicted person was called Aaron Jackson. The fact that someone named Aaron Jackson was convicted of a crime some eighteen years earlier in New York undoubtably raises a possibility that it might have been the same person as the Aaron L. Jackson now on trial in New York. But, as a proposition of logic, one cannot conceivably justify a conclusion *beyond a reasonable doubt* that it is the same person.

*Id.* at 63-64 (emphasis in original).

The government had argued that Jackson's identification to the judgment was corroborated by the fact that both the earlier judgment and the present charge involved weapons offenses; the court viewed the similarity in the charges as adding only "*slightly*" to the likelihood that the defendant was the same person who was previously convicted. *Id.* at

73 (emphasis in original). The court held that "[a] conclusion [about identity] cannot be reached with sufficient confidence to satisfy the beyond-reasonable-doubt standard that two separate episodes involving persons of similar features relate to the same person unless the similarities are sufficiently distinctive to make it highly improbable that the two observed persons could be other than the same." *Id.* at 64. Stated more succinctly: "The evidence must make it highly improbable that two different people are involved." *Id.* The court concluded that "no such judgment can be made with any reasonable degree of confidence" from the identity of the name alone. *Id.*

The Second Circuit noted that "[t]he majority of courts to consider the question have agreed . . . that a conviction certificate in the same name as the defendant's is insufficient to prove that the defendant had a prior conviction as an essential element of the crime charged." *Id.* at 71-72, citing *Weiler,* 385 F.2d at 66; *Gravatt,* 260 F.2d at 498-99; *Commonwealth v. Koney,* 657 N.E.2d 210, 214-15 (Mass. 1995); *Miller v. State,* 573 So. 2d 405, 406 (Fla. Dist. Ct. App. 1991); *State v. Garrett,* 574 P.2d 639, 640 (Or. 1978). We believe that the majority view is sound. Identity of name alone does not prove the identity of a person beyond a reasonable doubt. A conviction record bearing the defendant's name but no other identifying information is insufficient to identify the conviction as the defendant's for purposes of proving felon status.

Here, the government attempted to link Allen to the judgment bearing his name by introducing the subsequent arrest report and fingerprint evidence. However, this additional evidence proves only that Allen was arrested on a warrant stemming from the 1995 conviction. It does not prove that Allen *is* the person who was convicted in 1995—unless it can be inferred *beyond a reasonable doubt* that the police arrested the right person.

By itself, the fact of the arrest is insufficient to support such an inference to the required degree of certainty. Even under the best of circumstances and intentions, mistaken arrests can and do occur based upon a similarity or identity of name. *See Rodriguez v. Farrell*, 280 F.3d 1341, 1344 (11th Cir. 2002) (Joe Rodriguez mistakenly arrested on a warrant for a "Victor Manuel Heredia a/k/a Joe Rodriguez"); *Young v. City of Little Rock*, 249 F.3d 730, 732 (8th Cir. 2001) (Willie Mae Young mistakenly arrested on a warrant for a Glenda Marie Walker using the alias Willie Mae Young); *Kennell v. Gates*, 215 F.3d 825, 826 (8th Cir. 2000) (Sharon Kennell mistakenly arrested on a warrant for a Deborah Kennell a/k/a Sharon Kennell); *Williams v. Leach*, 938 F.2d 769, 770 (7th Cir. 1991) (Robert Williams mistakenly arrested on a warrant bearing the same name). That the case number on the arrest report matches the case number on the judgment proves only that the warrant was connected to the earlier judgment, not that the earlier judgment is connected to Allen or that the police arrested the right man.

The government might have introduced evidence of events preceding or following Allen's 1999 arrest—evidence from which a rational fact finder could conclude that it was "highly improbable" that two different David L. Allens were involved. But it did not. The proof was confined to the identity of the name on the judgment and the fact that Allen was later arrested on a warrant connected to that judgment. This is insufficient to identify the prior conviction as Allen's beyond a reasonable doubt.

*Matula v. United States*, 327 F.2d 337 (10th Cir. 1964), does not help the government here. In *Matula*, government witnesses testified to statements made by the defendant about his two prior felony convictions, including details concerning the nature, time, and location of each crime, and the length of his subsequent sentences. *Id.* at 338. The government then introduced authenticated copies of conviction

records in the defendant's name for crimes with the same identifying facts, places, dates, and length of sentences. *Id.* The court easily held the testimony to be sufficiently corroborative of the conviction records to satisfy the government's burden of proof. *Id.*

The evidence in this case falls far short of the corroborative evidence in *Matula.* The fact that Allen was arrested on a warrant connected to an earlier felony judgment bearing his name permits a rational fact finder to conclude that the prior conviction is possibly his, but is insufficient to prove his status as a felon beyond a reasonable doubt. The judgment of the district court is reversed.

REVERSED.

A true Copy:

Teste:

_____
***Clerk of the United States Court of Appeals for the Seventh Circuit***