**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Peter BROWN, Defendant–Appellant.**

**No. 04–2870.**

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 13, 2005.

Decided Jan. 14, 2005.

James P. Hanlon, Office of the United States Attorney, Indianapolis, IN, for Plaintiff–Appellee.

Peter Brown, Terre Haute, IN, pro se.

William H. Dazey, Jr., Indianapolis, IN, for Defendant–Appellant.

Before EASTERBROOK, RIPPLE, and SYKES, Circuit Judges.

## ORDER

Peter Brown was convicted by a jury of possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and was sentenced to 108 months' imprisonment. Brown filed a notice of appeal, but his appointed counsel now moves to withdraw because he cannot discern a nonfrivolous issue for appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Brown filed a response to his attorney's motion, *see* Cir. R. 51(b), and we limit our review to those issues raised in the brief accompanying counsel's motion and in Brown's response. *See United States v. Schuh,* 289 F.3d 968, 973–74 (7th Cir.2002).

Brown had been on probation since 1999 as a result of a 1995 conviction for dealing cocaine, but in June 2000 he stopped reporting to his probation officer, secretly moved to a new residence without permission, and began using a number of aliases to evade authorities. In October 2003, police officers learned of Brown's whereabouts and went to his apartment with an arrest warrant. Brown, wearing only a bathrobe, met the officers at his front door, and was immediately tackled and handcuffed in the hallway outside his apartment. Brown then asked to return inside his apartment so he could dress. The officers told him that he could enter only if they first conducted a protective sweep to check inside for people or weapons. The officers testified that Brown orally consented to the security check, so they allowed him to enter and dress. Officers conducted a brief search and found a handgun and an ammunition magazine sitting on top of some clothing in an open dresser drawer as well as a rifle and ammunition in a closet.

█ Counsel first considers whether Brown might argue that the district court erred by denying his motion to suppress the guns and ammunition found in his

home. This argument would be frivolous because the search was permissible for numerous reasons. First, the district court credited the officers' testimony that Brown consented to their search of the apartment. We would review this factual finding for clear error, *United States v. Peck,* 317 F.3d 754, 756 (7th Cir.2003), and even though Brown denied consenting, the record provides no reason why the court's credibility finding was erroneous. Furthermore, when Brown was placed on probation, he signed a form consenting to searches of his home at any time. This consent coupled with the multiple probation violations were sufficient to overcome the significantly reduced privacy expectations that Brown, as a probationer, had in his residence. *See United States v. Knights,* 534 U.S. 112, 121, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001). Finally, once Brown asked the officers to bring him inside the apartment, they were permitted to ensure their safety by making a brief search for people and weapons before allowing him to enter. *See Maryland v. Buie,* 494 U.S. 325, 333–34, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990).

■ Counsel also discusses whether Brown might argue that there was insufficient evidence to support his conviction. We will reverse a conviction for insufficient evidence only if, viewing the evidence in the light most favorable to the government, no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Curtis,* 324 F.3d 501, 505 (7th Cir.2003). To obtain a conviction under 18 U.S.C. § 922(g)(1), the government must prove that a defendant who has a previous felony conviction possessed a firearm or ammunition that traveled in or affected interstate commerce. *United States v. Allen,* 383 F.3d 644, 646–47 (7th Cir.2004). Brown stipulated to all of the elements except possession, and it would be frivolous to argue that there was insufficient evidence that he possessed a gun. Officers found two firearms and associated ammunition in an apartment leased by Brown, and in which he was the sole occupant at the time of his arrest. Furthermore, another witness, Richard Tuite, testified that he sold the rifle to Brown approximately two years before Brown's arrest.

Counsel next considers arguing that § 922(g)(1) is unconstitutional because it requires the government to prove only that the firearm was manufactured in a state other than that in which the defendant possessed it, and that this establishes an insufficient nexus with interstate commerce. But we have repeatedly rejected this argument and reasserting it on appeal would be frivolous. *E.g. United States v. Bass,* 325 F.3d 847, 849 (7th Cir.2003).

Finally, counsel discusses whether Brown could argue that his sentence is unconstitutional in light of *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because Brown's offense level was increased due to his multiple previous convictions for crimes of violence or controlled substance offenses. *See* U.S.S.G. § 2K2.1(a)(2). But Brown did not object to the characterization of his previous convictions—one for reckless homicide and two for drug dealing—as crimes of violence or controlled substance offenses, and even after *Blakely,* the existence of a prior conviction need not be proven beyond a reasonable doubt. *See United States v. Pittman,* 388 F.3d 1104, 1109 (7th Cir.2004). Thus any argument that Brown's sentence is unconstitutional would be frivolous.

■ Brown contemplates two additional arguments in his response. First, he suggests that the consent to search to which

**54**

he agreed as a condition of his probation applied only to his residence at the time he was placed on probation and not to the apartment to which he later moved. But this argument would be frivolous. The conditions of Brown's probation provided without qualification that he would permit searches of his "residence" or "property" at any time. Brown could not avoid this condition simply by moving to a new residence, especially when an unauthorized move itself violated the conditions of his probation. Finally, Brown suggests that his attorney has not provided him with effective assistance. But we have said repeatedly that claims of ineffective assistance are more properly raised in a collateral attack than on direct review. *See Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *United States v. Morgan,* 384 F.3d 439, 444 (7th Cir.2004).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS this appeal.