UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued November 2, 2005
Decided December 12, 2005

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-1248

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br><br>v.<br><br>JOSEPH STOCKETT,<br>*Defendant-Appellant.* | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division<br><br>No. 2:03CR00019-001<br><br>Larry J. McKinney,<br>*Chief Judge.* |

**O R D E R**

Joseph Stockett was convicted after a jury trial of possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1).  At trial the government proved that a Joseph Charles Stockett was convicted of arson in Oregon in 1976, but Stockett argues that the government did not prove beyond a reasonable doubt that he is the same Joseph Stockett convicted in Oregon.  In the alternative he argues that Oregon restored his right to possess a gun after he served time for the arson, and thus this episode cannot count as a "conviction" for purposes of § 922(g)(1).  But we find that the government presented sufficient evidence at trial for a reasonable jury to conclude

that Stockett had been convicted of a felony, and that the district court did not commit plain error in finding that this felony barred him from possessing a gun.

Police in Terre Haute, Indiana, caught Stockett with a gun after he sold his car to his friend Ross (a police informant) for $375 and a 9mm pistol. Stockett was charged under § 922(g)(1) based on a 1976 felony arson conviction in Oregon. To prove up the prior conviction the government introduced, without objection, certified copies of an indictment dated August 14, 1975, and a judgment dated March 31, 1976, showing that Joseph Charles Stockett was convicted of second degree arson in Lane County, Oregon. The two documents introduced by the government include no identifying information other than name. In addition, Ross testified that Stockett told him he was convicted of arson in 1975 or 1976. The government also introduced a secretly recorded conversation between Stockett and Ross, where Stockett admitted to having been convicted of a felony. Stockett, who was born in 1946, testified that he was in the Navy from 1965 to 1967, then lived in California until 1975 when he moved to Oregon, and finally came to the midwest in 2000.

At the conclusion of the government's case-in-chief, Stockett moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29, arguing that the government failed to provide identifiers demonstrating that the Oregon conviction records corresponded to him. This motion was overruled and Stockett renewed the motion at the close of trial but it was again denied. The jury found Stockett guilty, and he was sentenced to 20 months in prison and three years' supervised release under an advisory guidelines scheme.

Although not introduced at trial or relied on by the district court during sentencing, Stockett also was court-martialed in 1966 and found guilty of rioting, Uniform Code of Military Justice ("UCMJ") art. 116, 10 U.S.C. § 916, and mutiny, UCMJ art. 94, 10 U.S.C. § 894. The government warned Stockett of its intent to impeach him with these military convictions, but it did not introduce the convictions when he testified. Stockett does not dispute his military convictions.

Stockett first argues that there is insufficient evidence to conclude that he is the same Joseph Charles Stockett named in the 1976 Oregon judgment. Though he admitted at trial that his name is "Joseph C. Stockett," he contends that the Oregon conviction records, which include no physical description, date of birth, or other identifiers for the person named in them, are not enough to conclude that he is that person, even in conjunction with Ross's testimony and his own recorded statement that he is a felon.

We view the evidence in the light most favorable to the government, and will uphold the guilty verdict so long as a "'rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Allen*, 383 F.3d 644, 646 (7th Cir. 2004) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Stockett's prior conviction need not be shown through direct evidence; the cumulative effect of persuasive circumstantial evidence can prove the fact of a prior conviction. *See United States v. Jackson*, 368 F.3d 59, 68-69 (2d Cir. 2004). In *Allen* we recognized that the circuits disagree whether a certified copy of a judgment in the same name as the defendant, by itself, can satisfy the government's burden in proving a past conviction. *Allen*, 383 F.3d at 647-48. But we sided with the majority and held that a conviction cannot be linked to a defendant through name alone. *Id.* at 649.

Here though, the government did not rely entirely on the Oregon indictment and judgment bearing the name Joseph Charles Stockett. Instead the government introduced an audio recording of Stockett telling Ross that he was a felon, as well as Ross's testimony that Stockett mentioned in conversation that he had been convicted of arson in 1975 or 1976. Stockett himself admitted that he was 58 at trial (making him 29 in 1975), and admitted living in Oregon around the time when the arson occurred. This additional evidence provided the required link between the judgment in the Oregon arson case and Stockett. *See Matula v. United States*, 327 F.2d 337, 338 (10th Cir. 1964) (holding that defendant's out of court statements about two prior felony convictions, including details of nature, time, and location of each crime adequately linked prior convictions to defendant); *see also United States v. Dockins*, 986 F.2d 888, 895-96 (5th Cir. 1993) (holding that evidence established that defendant was same person convicted under Colorado judgment in another name where defendant admitted to investigators that he had felony conviction in Colorado and used name on judgment as an alias). As in *Matula*, the government corroborated Stockett's conviction for a crime at a time and in a location matching the conviction records.

Next, Stockett argues for the first time on appeal that, even if there was sufficient evidence for the jury to find beyond a reasonable doubt that he is the same person named in the Oregon judgment, he still would not have a felony conviction as defined in 18 U.S.C. § 921(a)(20). Section 921(a)(20) excludes certain convictions for purposes of § 922(g)(1):

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such

a pardon, expungement, or restoration of civil rights expressly provides
that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20).  The civil rights encompassed by § 921(a)(20) are the rights
to vote, hold office, and serve on a jury.  *United States v. Gillaum*, 372 F.3d 848, 860
(7th Cir. 2004).  The government correctly concedes that Stockett's civil rights were
restored under OR. REV. STAT. § 137.280 upon his parole from imprisonment in 1978
and Stockett argues that as a consequence the arson conviction is not a "conviction"
under § 921(a)(20).

But Stockett raises this argument for the first time on appeal.  Several
circuits have held that § 921(a)(20) is essentially an affirmative defense that must
be raised by the defendant before the government has any obligation to prove the
continuing vitality of a conviction.  *See United States v. Bartelho*, 71 F.3d 436, 440
(1st Cir. 1995); *United States v. Jackson*, 57 F.3d 1012, 1015-17 (11th Cir. 1995);
*United States v. Flower*, 29 F.3d 530, 534-36 (10th Cir. 1994).  We reached the same
conclusion, where a prior conviction triggered an enhancement under the Armed
Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  *United States v. Vitrano*, 405
F.3d 506, 510 (7th Cir. 2004).  Here it is questionable whether Stockett can even
raise the argument at this time, and at best he is only entitled to plain error review.
*Cf. United States v. Baldwin*, 414 F.3d 791, 795 & n.1 (7th Cir. 2005) (discussing
effect of failure to raise statute-of-limitations affirmative defense prior to trial).
Under that standard Stockett cannot show that his Oregon arson conviction is not a
"conviction" under § 921(a)(20).

The government argues that the "unless" clause of § 921(a)(20) was activated
because Oregon law continued to restrict Stockett's right to possess firearms even
with the automatic restoration of his rights to vote, hold office, and serve on a jury.
For a state weapons restriction to activate the "unless" clause of § 921(a)(20), that
prohibition must be express.  *See Caron v. United States*, 524 U.S. 308, 317-18
(1998).  And the Oregon law in effect when Stockett was paroled expressly
restricted felons from possessing firearms:

Any person who has been convicted of a felony under the law of this
state . . . or who has been convicted of a felony under the laws of the
Government of the United States, who . . . has in his possession or
under his custody or control any pistol, revolver, or other firearm
capable of being concealed upon the person . . . commits the crime of
exconvict in possession of a firearm.

OR. REV. STAT. § 166.270(1) (1975). But this restriction ends 15 years after the felon's sentence has been discharged, so long as he has not more than one felony conviction:

> Subsection (1) of this section shall not apply to any person who has been convicted of only one felony under the law of this state . . . or who has been convicted of only one felony under the laws of the United States . . . and who has been discharged from imprisonment, parole or probation for said offense for a period of 15 years prior to the date of alleged violation of subsection (1).

OR. REV. STAT. § 166.270(3) (1975). The government argues that, although Stockett's 2003 firearm possession was more than 15 years after his 1979 discharge from parole, the restriction under § 166.270(1) did not expire because he had more than one prior felony conviction. In fact Stockett had two felony convictions in 1966 by general court-martial for the offenses of rioting, UCMJ art. 116, and mutiny, UCMJ art. 94. The only question then, is whether at least one of these military convictions is a "felony under the laws of the United States" as understood by § 166.270(3), making § 166.270(1) applicable against Stockett thus activating the "unless" clause of § 921(a)(20), barring him from possessing a firearm under 18 U.S.C. § 922(g)(1).

The Oregon Supreme Court has held that the phrase "a felony under the laws of the Government of the United States" from § 166.270(1) encompasses any felony under federal law. *State v. Hirsch*, 114 P.3d 1104, 1108 (Or. 2005). And absent express legislative intent to the contrary, we interpret "under the laws of the United States" in § 166.270(3) to have its plain and ordinary meaning. *See United States v. Bank of Farmington*, 166 F.3d 853, 860 (7th Cir. 1999). Stockett's general court-martial resulted in convictions for rioting, which carried a maximum penalty of 10 years confinement at hard labor, *see United States v. Metcalf*, 36 C.M.R. 309, 315 (C.M.A. 1966); and for mutiny, which carried a maximum penalty of death, *see* 10 U.S.C. § 894(b). We have previously held that a conviction resulting in a court martial can serve as a predicate violent felony under the ACCA, and here Stockett has not shown any reason why his convictions, which carried potential penalties longer than a year, should not be treated the same here.

For the foregoing reasons, we AFFIRM Stockett's conviction.