**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 13, 2005
Decided December 14, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-1824

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee,* <br><br>     *v.* <br><br> JACKIE L. WOODARD, <br>     *Defendant-Appellant.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division <br><br> No. 1:04CR00163-001 <br><br> David F. Hamilton, <br> *Judge.* |

**O R D E R**

Jackie Woodard attempted to commit suicide by shooting himself in the abdomen. He survived, but was subsequently arrested by police for possessing a firearm after a felony conviction. *See* 18 U.S.C. § 922(g)(1). Woodard was convicted after a jury trial and sentenced to the statutory maximum of ten years' imprisonment and three years' supervised release. Woodard has filed a notice of appeal, but his appointed counsel moves to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). Woodard has not responded to our invitation to comment on the motion under Circuit Rule 51(b); therefore we confine our review to the potential issues identified

in counsel's facially adequate brief. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

Counsel first considers whether Woodard could challenge the sufficiency of the evidence underlying his conviction for being a felon in possession. Evidence supporting a conviction is sufficient if, when viewed in the light most favorable to the prosecution, any rational trier of fact could have found each element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Kapp*, 419 F.3d 666, 671–72 (7th Cir. 2005). To establish prohibited possession under § 922(g)(1), the government must prove (1) that the defendant knowingly possessed a firearm; (2) that the firearm traveled in or affected interstate commerce; and (3) that the defendant had a prior felony conviction. 18 U.S.C. § 922(g)(1); *United States v. Allen*, 383 F.3d 644, 646–47 (7th Cir. 2004). At trial Woodard stipulated to the third element, and an agent of the Bureau of Alcohol, Tobacco and Firearms and Explosives testified as to the second—that the firearm in question was manufactured in Hartford, Connecticut and had been recovered in Kokomo, Indiana. Therefore counsel focuses his review primarily on the possession element.

Counsel questions whether the lack of direct evidence—such as fingerprints on the gun or a gunshot-residue test of Woodard's hands—undermines the verdict, but ultimately concludes that any challenge would be frivolous because the circumstantial evidence is sufficient to conclude Woodard possessed the gun during a suicide attempt. We agree. Woodard's girlfriend, Lannette Eason—who was present in the trailer at the time of the shooting—testified that she did not see Woodard discharge the gun, but "assumed" Woodard shot himself. Further, when Woodard rose from the chair he had been sitting in, he had a bullet hole in his abdomen and the gun was on the floor in front of him. Ballistic evidence showed that the gun found at the scene could not have accidentally discharged, as Woodard claimed. Woodard's cousin testified that Woodard had been depressed before the shooting because of a relative's recent death. Woodard's cousin was also present in the trailer when the gun discharged and testified that although he did not see Woodard shoot himself, none of the other people present were responsible for the shooting. And at trial the government introduced Woodard's statement to a relative that his "biggest mistake" was that he did not get rid of the gun after the shooting. We agree with counsel that any challenge to the sufficiency of the evidence would be frivolous.

Counsel next considers whether the district court erred by allowing into evidence Woodard's tape-recorded telephone calls in which he threatened Eason and attempted to convince her to retract her original statement to police that he shot himself. The district court has broad discretion in weighing the probative value of evidence against any potential prejudice, and we will reverse only upon a clear

showing that the court abused its discretion. *United States v. Thompson*, 359 F.3d 470, 478 (7th Cir. 2004). Evidence of threats against a witness is admissible to explain a witness's courtroom demeanor when that demeanor indicates intimidation. *Id.* at 476. The district court found the recordings highly probative with respect to Eason's credibility because "[t]here has been in this case specific indications from the witness's testimony and her demeanor relating to her credibility and her efforts to modify her testimony to assist the defendant." Eason testified that Woodard was the "love of [her] life." Similarly, when asked if she saw a gun in Woodard's hand, she requested to "plead the fifth." We agree with counsel that any challenge to the admission of these calls would be frivolous.

Turning his attention to Woodard's sentence, counsel considers generally whether Woodard may raise a challenge under *United States v. Booker*, 543 U.S. 220 (2005). But as counsel correctly states, Woodard's sentence is presumed reasonable because it falls within the properly calculated advisory guideline range. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).

Counsel also evaluates whether the district court incorrectly calculated Woodard's criminal history category by assigning him three criminal history points for a revocation of probation in 1993. *See* U.S.S.G. § 4A1.1(a). The guidelines require that, for purposes of determining criminal history, periods of imprisonment served by a defendant upon revocation of probation be aggregated with any original period of imprisonment. *See* U.S.S.G. § 4A1.2(k) cmt. n.11; *United States v. Reed*, 94 F.3d 341, 345–46 (7th Cir. 1996). In 1991, Woodard served approximately six months in prison before being released on probation. Although this period of incarceration alone would not trigger § 4A1.1(a), Woodard's probation was subsequently revoked and he served an additional year in prison. Because the aggregated period of incarceration exceeds one year and one month and falls within the applicable fifteen-year time period, *see* U.S.S.G. § 4A1.2(e)(1), we agree with counsel that any challenge to the computation of Woodard's criminal history would be frivolous.

Counsel also considers whether the district court correctly assessed a two-level increase for obstruction of justice. *See* U.S.S.G. § 3C1.1. Obstruction of justice includes attempting to influence a witness to make false statements. *See United States v. Sutton*, 337 F.3d 792, 801 (7th Cir. 2003). The district court assessed the two-point increase because evidence at trial demonstrated Woodard's attempt to manipulate and intimidate witnesses' stories. The court specifically noted that the tapes of telephone calls Woodard placed while incarcerated made "this as well documented and clear a case of such efforts as I have ever seen." We agree with counsel that any challenge to the obstruction-of-justice adjustment would be frivolous.

Finally, counsel considers a potential argument posed by Woodard—whether a juror was improperly selected because of statements made by that juror concerning African-Americans during jury selection.  But as counsel acknowledges, the transcript of the jury voir dire does not reflect that any statement concerning race or ethnicity was made by any prospective juror during voir dire.  Therefore, we agree with counsel that such a challenge would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS this appeal.