**Nathaniel GRANT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0611–CR–1014.

Court of Appeals of Indiana.

July 30, 2007.

Bryan Lee Ciyou, Indianapolis, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

GARRARD, Senior Judge.

Nathaniel Grant was charged with several offenses, and a jury convicted him on one count of theft. He waived jury determination of the allegation that he was an habitual offender. The court heard that claim and determined that he was an habitual offender. He was sentenced accordingly.

In this appeal he challenges the proof necessary for the determination that he had committed the two prior unrelated felonies necessary to establish habitual offender status. See, I.C. 35–50–2–8(a).

Our supreme court recounted the standard necessary for such proof in *Tyson v. State*, 766 N.E.2d 715, 718 (Ind.2002):

> Certified copies of judgments or commitments containing a defendant's name or a similar name may be introduced to prove commission of prior felonies. While there must be supporting evidence to identify the defendant as the person named in the documents, the evidence may be circumstantial. If the evidence yields logical and reasonable inferences from which the finder of fact may determine beyond a reasonable doubt that it was a defendant who was convicted of the prior felony, then a sufficient connection has been shown. (citations omitted.)

The record before us discloses that on August 29, 1979, the Indianapolis Police Department obtained a full set of Grant's fingerprints. These were assigned a "gallery number", which is a unique number assigned to fingerprints taken from a suspect upon his first arrest. The gallery number assigned to Grant's fingerprints is 270742.

On March 22, 1983, Grant was arrested and charged with burglary and child molesting. When Grant was processed for this arrest, his thumbprint was placed on the arrest report and was identified as gallery number 270742. In August of 1983, Grant was sentenced to two years incarceration on his conviction for Class C felony child molesting. The chronological case summary for this conviction also carries the gallery number.

On August 10, 1984, Grant was arrested and charged with multiple felonies in a cause numbered CR84112B. The arrest report also includes a thumbprint identified as belonging to gallery number 270742. An original conviction in this cause was set aside following a successful petition for post-conviction relief. Subsequently, in this same cause the defendant

pleaded guilty to burglary and rape. For these offenses he was sentenced on May 10, 1995. Again, the case summary carries the gallery number, 270742.

In May, 2005, Virginia Barth discovered that four bottles of prescription medicine were missing from her home. Those medications formed the basis of the present theft charge for which Grant was convicted in October, 2006.

On the day of the habitual offender phase of the present trial, Joseph Johnson, a fingerprint expert with the Indianapolis Police Department, took a thumbprint from Grant. This thumbprint matched the thumbprint originally obtained in 1979 and assigned to gallery number 270742.

On this evidence the trial court found Grant to be an habitual offender.

Grant argues that the state failed to establish beyond a reasonable doubt that he was the Nathaniel Grant convicted of rape in the 1995 case. While recognizing the rule reiterated in *Tyson*, he urges the adoption of a bright line rule. He cites the decision of the Seventh Circuit Court of Appeals in *United States v. Allen*, 383 F.3d 644 (7th Cir.2004) to support his contention that the evidence here was insufficient to establish that he was the person convicted in 1995.

*Allen* was a federal prosecution for being a felon in possession of a firearm. As such its analysis may be informative, but is not binding on us. *Katner v. State*, 655 N.E.2d 345, 348 (Ind.1995).

We do not find *Allen* persuasive. The court in Allen stated that, concerning the prior felony, "[o]ther than the name, the judgment abstract contains *no other* identifying information pertaining to the defendant." 383 F.3d at 646 [Our emphasis]. The court pointed out that Allen was permitted to show that at the time the Indianapolis telephone directory listed three

David L. Allens, three for D.L. Allen, sixteen more for David Allen and another ten for D. Allen. It apparently determined that the evidence offered of his arrest in 1999 was insufficient to establish that he was the person convicted in 1995. The facts in Grant's case are substantially different.

Here the state presented detailed evidence of Grant's fingerprinting in 1979 and the establishment and use of "gallery numbers". It presented evidence of the identification of Grant's thumbprint in the present case and in the arrest reports for the 1983 felony and the 1984 felony, all under Grant's unique gallery number, 270742. That same gallery number appeared on the chronological case summary for both prior cases.[1]

With this evidence linking Grant to the prior felonies, a reasonable fact finder could well have concluded beyond a reasonable doubt that he was the same person convicted of the two prior unrelated felonies as required by I.C. 35–50–2–8(a).[2] Moreover, we do not share counsel's enthusiasm for bright line rules. The issue is proof beyond a reasonable doubt, and that proof may be achieved by the use of any properly admissible evidence sufficient to establish the ultimate fact.

We find no error.

Affirmed.

KIRSCH, J., and ROBB, J., concur.

---

1. Pursuant to Ind. Trial Rule 77(B) the CCS is the official record of the trial court.

2. While the issue argued was different, the supreme court affirmed an habitual offender determination on evidence nearly identical to that present here in *Tunstill v. State,* 743 N.E.2d 1136 (Ind.2001).